M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re                                                                          Chapter 11
                                                                                    Case No. 13-44020
PRIME PROPERTIES OF NEW YORK, INC.,

                                            Debtor.
---------------------------------------------------------------X

ATTORNEY'S AFFIRMATION IN SUPPORT OF
REQUEST FOR ORDER TO SHOW CAUSE
TO COMPEL RECEIVER
TO TURN OVER PROPERTY AND FOR RELATED RELIEF

M. David Graubard, an attorney admitted to practice in the Eastern District of New York, hereby certifies the following to be true under the penalties of perjury and makes this Affirmation pursuant to Local Bankruptcy Rule 9077-1:

1. On June 28, 2013, the debtor filed a voluntary Chapter 11 petition with this Court and was duly authorized to remain as debtor in possession.

2. Affirmant is a partner in the law firm of Kera & Graubard, proposed counsel for the debtor and debtor in possession in this matter. Affirmant makes this affirmation based upon his own personal knowledge and information.

3. The debtor is the owner of two adjacent apartment buildings located at 300 Tenth Avenue and 304 Tenth Avenue, Brooklyn, New York (the "Premises"). The premises consist of 52 residential apartments and three commercial stores.

4. The Premises have been under the control of Gregory M. La Spina, as

Receiver, who was appointed in a foreclosure proceeding in Supreme Court, Kings County, who qualified in or about April, 2011. Upon information and belief, Mr. La Spina employs Mr. Harry Horowitz and his company Senator Realty as the managing agents.

5. Upon the filing of the Chapter 11 petition on June 28, 2013, Affirmant called Mr. La Spina at his office in Whitestone, New York, but was told that he was not available. I sent him a letter by facsimile transmission and first class mail which informed him of the filing of the Chapter 11 petition, attached a copy of the Notice of Bankruptcy Case Filing, noted that Mr. La Spina as a Receiver was a custodian under Section 543 of the Bankruptcy Code and requested the rent roll and the list of monthly expenses, together with the name and address of each vendor. A copy of my letter is annexed hereto as Exhibit A. Mr. La Spina did not respond to my letter.

6. On both Monday and Tuesday, July 1st and 2nd, 2013, Affirmant called Mr. La Spina several times, and on various occasions spoke with his secretary and with Carol Dollinger, his paralegal, and expressed the importance of my having to speak with Mr. La Spina. Affirmant was told that Mr. La Spina is very busy, is in Court and also in and out of the office attending to other matters. Affirmant never received a return phone call from Mr. La Spina.

7. On June 28, 2013, I also prepared a letter on my firm's letterhead to the tenants of the Premises for the debtor to distribute to the tenants, which gave them the information about the filing of the Chapter 11, with a request that all rent payments be made payable to "Prime Properties of New York, Inc., DIP" and sent to the debtor at a lock box at the address given in the letter. My letter also gave the tenants a telephone number for the

debtor to take care of any maintenance and repair issues and also gave them my name and telephone number to address any questions they felt necessary. A copy of this letter is annexed hereto as Exhibit B.

8. On June 28, 2013, Affirmant personally spoke with Mr. Horowitz, the managing agent of the Receiver. He told me that he had received a copy of the letter that I sent to the Mr. La Spina, the Receiver, but that he could take instructions only from the Receiver. He further told me that he had no instructions from the Receiver, and that he would not let the debtor have access to the Premises.

9. On July 2, 2013, Affirmant again spoke with Mr. Horowitz who further informed me that he did not have any instructions from the Receiver with regard to turning over possession, access or files to the debtor.

10. Unfortunately, the Receiver has not been cooperative with regard to transition to the debtor in possession. On July 2, 2013, Affirmant wrote another letter to Mr. La Spina, noting his lack of response to my prior telephone calls and again requesting that the Receiver cooperate in transferring the management of the Premises to the debtor, and stating that if no cooperation was forthcoming, then a motion would have to be made in the Bankruptcy Court. A copy of that letter is annexed hereto as Exhibit C.

11. It should be noted that the e-mail of the letter noted as Exhibit C went through, but the fax line was busy and did work both on the evening of July 2, 2013 and the morning of July 3, 2013.

12. This lack of cooperation is particularly disturbing because under the order appointing the state court receiver, the receiver is obligated to file monthly reports with the Court. An examination of the docket sheet in the foreclosure action indicates that no reports whatsoever have been filed with the Supreme Court, Kings County. It is standard practice that an order appointing a receiver to require monthly operating reports be filed with the Court. A copy of the docket in the foreclosure action, index number 27411/10 in Supreme Court, Kings County, which Affirmant obtained from the Clerk's office, is annexed hereto as Exhibit D. It does not list the filing of any monthly reports by the Receiver.

13. Also being filed is the supporting affirmation of Nick Gordon, the vice-president of the debtor, that details the efforts that he has made with the managing agent to obtain a turnover of the keys and files to the Premises.

14. The debtor moves by Order to Show Cause because the Receiver has interfered with the debtor's access to the Premises and prevented the debtor from obtaining the property and records that are necessary for the debtor to operate as the debtor in possession. Moreover, when the tenants are faced with conflicting instructions, none of them pay rent, so it is important to have immediate relief so that the rent for July is not lost.

15. As set forth in the Gordon Certification, the only time the managing agent's employees do not interfere with the debtor's access to the Premises is when the police are called. Otherwise, there is continued harassment of the debtor and interference with the debtor's obligations under Chapter 11 of the Bankruptcy Court as can be seen from the notice posted by the Receiver's managing agent at the Premises, which instructs the

tenants to pay only the managing agent, thereby implying not to pay the debtor. A copy of the notice is annexed as Exhibit F to the Gordon Certification.

WHEREFORE, Affirmant respectfully requests that this Court make an Order to Show Cause why an order should not be entered directing Gregory M. La Spina, Receiver, to turn over to the debtor in possession the Premises, all personal property, all books and records, including without limitation leases and tenant files, stop interefering with the debtor's access to the Premises; and file a Final Account by a date certain, together with such other and further relief as may be proper.

Dated:    New York, New York
          July 5, 2013

                                                    /s/ M. David Graubard
                                                    M. David Graubard
                                                    Kera & Graubard
                                                    Attorneys for Debtor and Debtor in
                                                       Possession
                                                    240 Madison Avenue, 7th fl
                                                    New York, NY   10016
                                                    (212) 681-1600